## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE ALEJANDRO ARANDA | § | |
| | § | **A-13-CV-783 LY** |
| V. | § | **(A-09-CR-279(1) LY)** |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are: Jose Alejandro Aranda's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on September 6, 2013 (Dkt. #47); and the Government's Response, filed on September 25, 2013 (Dkt. # 50). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I. GENERAL BACKGROUND

On June 26, 2009, Jose Alejandro Aranda ("Aranda") was charged in a seven count indictment with: receipt of child pornography, in violation of 18 U.S.C. § 2251(a)(2) (counts one and two); transportation of child pornography, in violation of 18 U.S.C. § 2251(a)(1) (counts three and four); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (counts five through seven). On September 28, 2009, Aranda entered a plea of guilty to counts two, four and five of the indictment pursuant to a plea agreement. On February 5, 2010, this Court sentenced Aranda to a 240-month term of imprisonment, followed by a 25-year term of supervised release, ordered Aranda to pay a $300 mandatory assessment fee, and ordered that Aranda forfeit to the United States

(1) one E-Machine desktop computer tower, serial number CA65110009999; (2) one Dell Inspiron laptop computer, serial number 334XPF1; and (3) one Simple Tech external hard drive, serial number 96200-41001-052.  See Judgment and Commitment (Dkt. # 37).

More than eight months after his judgment was entered, Aranda filed a notice of appeal, a motion to proceed *in forma pauperis* on appeal and a motion for transcripts and the record at government expense.  See Dkt. 39.  On November 8, 2010, the District Court denied the motions as the notice of appeal was filed outside the time allowed for filing a timely notice and, therefore, the appeal was not taken in good faith.  On May 2, 2011, the Fifth Circuit Court of Appeals affirmed the District Court and dismissed Aranda's appeal.  *See United States v. Aranda*, No. 10-51074, slip op. (5th Cir. May 2, 2011).  More than two years later, on September 6, 2013, Aranda filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

In the instant § 2255 Motion, Aranda alleges that: (1) in light of the Supreme Court's decision in *Alleyne v. United States*,133 S.Ct. 2151 (2013), his sentence should be vacated and remanded for re-sentencing; and (2) his sentence should be vacated and he should be re-sentenced without the use of U.S.S.G. § 2G2.2, because nearly every United States Appeals Court has recognized the flawed nature of § 2G2.2.

Aranda's Motion is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court.  Since 1996, § 2255, amended by § 105(2) of the AEDPA, has provided as follows:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

When a defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) on the date of the Supreme Court's denial of a petition for writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).  When such a petition has *not* been filed, as in this case, the judgment becomes final upon the expiration of the 90-day period for filing such a petition. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000).  Even though Aranda's appeal was dismissed, his conviction did not become final until 90 days after the motion was dismissed on May 2, 2011.  *Id.* Thus, the time in which Aranda could have petitioned for certiorari expired on August 2, 2011, 90 days after entry of the Fifth Circuit's Judgment.  See SUP. CT. R. 13(1).  Therefore, under the AEDPA, Aranda was required to file a § 2255 motion on or before August 2, 2012.  Aranda, however, did not file the instant § 2255 motion until September 25, 2013.  Aranda has not alleged or produced any evidence or argument that the Government impeded or prevented him from filing his § 2255 petition prior to

the end of the limitations period.  In addition, Aranda had sufficient knowledge of the facts long before the deadline, so that he could have timely filed his Motion.

Aranda argues that the Supreme Court case of *Alleyne v. United States*, — U.S.—, 133 S.Ct. 2151 (2013), tolls the limitations period in this case.  The Court disagrees.  In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. *Id.* at 2155.  Aranda appears to be claiming that his Sixth Amendment right to a jury trial was violated as his sentence was enhanced at sentencing by the judge rather than the jury.  The Supreme Court, however, has not declared *Alleyne* to be retroactively applicable on collateral review. The Fifth Circuit has specifically held *Alleyne* does not apply retroactively to challenges to sentences on collateral review. See *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013).  The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Accordingly, *Alleyne* does not toll the statute of limitations in this case and, therefore, Aranda's § 2255 Motion is time-barred.

## III.  RECOMMENDATION

The Magistrate Court RECOMMENDS that the District Court **DISMISS WITH PREJUDICE** Jose Alejandro Aranda's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. #47) as time-barred under the AEDPA.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.

*Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Aranda's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 21st day of April, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE